Marshall E. Livingston, J.
This is a motion by plaintiff, Braman, in a trespass action to dismiss a counterclaim for inverse condemnation on the ground that it may not be properly interposed in this action or, in the alternative, for a severance and a separate trial on the trespass claim. The plaintiff also seeks a protective order against defendants’ demand for a bill of particulars.
According to a survey submitted by Braman, he owns a parcel of land south of Ridge Road East comprising some 87.3 acres. It is roughly rectangular in shape and is divided about equally in two parcels.
On or about August, 1972 the defendant, Monroe Tree Surgeons (Monroe), entered upon Braman’s land at Rochester Gas & Electric Corporation’s (RG&E’s) direction for approximately 350 feet from east to west to a depth of 20-25 feet along the southeast corner thereof and cut trees and brush "for safety purposes” in order to construct and maintain its *640 power lines near an easement heretofore acquired by RG&E from contiguous owners along the south line of Braman’s property more than 50 years ago.
As soon as Braman discovered this invasion of his property, the defendants were notified and they promptly stopped cutting and left the premises. Braman then brought this action in trespass.
There has been no continuing presence on Braman’s southern boundary as occurred in all the cases cited by defendants, such as Buholtz v Rochester Tel. Corp. (40 AD2d 283) and Heyert v Orange & Rockland Utilities (17 NY2d 352). In Buholtz the utility installed a 1,600-foot underground telephone line before the plaintiff brought action. The Fourth Department reversed Special Term and permitted inverse condemnation. There, however, the defendant had a color of right by reason of easements given by plaintiff’s predecessors in title and the Village of Naples, New York. These overhead facilities had been in use since 1954. In 1958 plaintiffs acquired the land and the overhead lines continued in use until 1969, when the utility decided to put its lines underground. Then the troubles started, but not until after the work was completed and the line buried within the bounds of the easement.
Defendants claim the Buholtz case "presented an almost identical factual situation”. This is not so. Here for concededly more than 50 years (1921) RG&E had an easement on land contiguous to Braman’s land on the south for about 1,040 feet. There appears to have been no invasion of Braman’s land for cutting brush or otherwise during this period of time, except perhaps intermittently in a desultory manner, as the answer suggests. Thereafter RG&E hired Monroe because "RG&E determined that trees and other growth near the line had to be trimmed and removed for safety purposes. Accordingly in August, 1972 RG&E so instructed Monroe, and Monroe entered upon some property belonging to plaintiff for that purpose”.
The foregoing is not meant to say that upon a proper petition RG&E may not condemn an appropriate strip of land along Braman’s entire southerly boundary, providing the necessity is shown therefor.
However, in addition to the easterly half of Braman’s land, there remains the westerly half of his land, which was described in the original complaint, and presumably, RG&E will *641 seek to condemn that portion also. The point here, as I see it, is that RG&E concededly trespassed on a 350-foot strip of Braman’s land 20-25 feet in width, and now seeks to inversely condemn a strip, according to the survey, of about 1,040 feet by 30 feet along Braman’s entire southern boundary, after having lived with its original easement to construct and maintain its power lines for more than 50 years. This just doesn’t make sense to me, nor fall within my concept of equity. It may be that it is necessary, but that should be in a condemnation proceeding and not tacked onto a simple trespass action involving only 20% to 25% of the land alleged to be required.
In sum, I hold that RG&E may not, under the doctrine of inverse condemnation, prevent a prompt disposition of Bra-man’s claim for the damage which occurred by reason of the defendants’ conceded trespass upon his land.
The counterclaim for inverse condemnation does not comply with subdivision 3 of section 4 of the Condemnation Law, and therefore, the first affirmative defense and the separate counterclaim for inverse condemnation are dismissed without prejudice to RG&E’s right to bring a separate action to condemn Braman’s land along its entire south boundary, if it so desires.
(Matter with respect to protective order omitted.)